SCHAFF v. WRIGHT et ux.   (No. 2107.)

(Court of Civil Appeals of Texas. Texarkana. June 26, 1919. Rehearing Denied July 3, 1919.)

1. DAMAGES ⚖=185(3) — EVIDENCE INSUFFICIENT TO SHOW PLAINTIFF SUBJECT TO OVARIAN DISEASE BEFORE INJURY.

Testimony merely that ovarian diseases are common among women who have borne children would not warrant the jury in finding that plaintiff was suffering from such a disease prior to her injury in alighting from defendant's train.

2. TRIAL ⚖=260(8) — SPECIAL INSTRUCTION COVERED BY GENERAL CHARGE PROPERLY REFUSED.

The general charge in an action for injuries to passenger in alighting having restricted the jury to injuries proximately caused by the defendant's negligence, there was no reversible error for refusing a special charge to that effect limited to a claimed injury of an ovary.

Error from District Court, Hunt County; Wm. Pierson, Judge.

Action by Lon Wright and wife against C. E. Schaff, receiver. Judgment for plaintiffs, and defendant brings error. Affirmed.

Dinsmore, McMahon & Dinsmore, of Greenville, and Chas. C. Huff, of Dallas, for plaintiff in error.

B. Q. Evans, of Greenville, and W. A. Shields, of Houston, for defendants in error.

HODGES, J. This appeal is from a judgment in favor of the defendants in error for the sum of $1,300 as damages for personal injuries sustained by Augusta Wright, one of the plaintiffs in the court below. In their pleadings the defendants in error alleged, in substance, that Augusta Wright was the wife of Lon Wright, and on the 3d day of September, 1916, was a passenger upon a train of plaintiff in error; that while she was alighting from that train at Caddo Mills, her destination, she was, through the negligence of the railway company's servants, caused to fall and receive serious and permanent injuries. It is averred that, when the train stopped at Caddo Mills, Augusta Wright went to the front of the car to get off, and discovered that no footstool had been provided and that no porter or other person was there to assist her in alighting; that she handed some of her baggage to a man who left the train just in front of her, and while she was in the act of stepping from the lowest step of the coach to the platform the train jerked, causing her to fall to the ground and sustain a sprained ankle, injuries to her knee and hips, to her right side, back, and right ovary. The negligence charged was the failure to provide a stepblock for her use, or to have some one to

assist her in alighting, and in moving the train suddenly while she was in the act of alighting.

Plaintiff in error pleaded, among other defenses, contributory negligence. He requested upon the trial two special charges submitting that issue. We have examined those charges, and also the instructions given by the court, and are of the opinion that in the court's general charge and the special charges given the defense of contributory negligence was fairly presented, and there was no error in refusing these charges requested.

[1, 2] Plaintiff in error also requested the following special charge:

"If you shall under the charge given you find for the plaintiff, and if you shall believe from the evidence that Augusta Wright is now suffering, or has suffered, from a diseased ovary, then you cannot in assessing damages, if you assess damages, take into consideration any such disease or diseased condition of her ovary, unless you further believe from the evidence that such diseased condition of the ovary, if any, was proximately caused, as 'proximate cause' is defined in the charge of the court, by happenings or incidents attending the leaving of the said passenger car by Augusta Wright at Caddo Mills."

Defendants in error had alleged, among other things, the injuries referred to in this special charge. Augusta Wright testified that she suffered from a pain in her right side. Her attending physician testified that her right ovary was affected. He also stated that such an injury might result from the fall described by Augusta Wright. There was no evidence that she had ever suffered from any prior ovarian disorder. It is true a medical expert offered by plaintiff in error testified that ovarian diseases are common among women who have borne children, and he attributed such diseases to various causes. But this evidence was not sufficient to warrant the jury in finding that Augusta Wright was suffering from a disease of the ovary contracted prior to this injury. The court restricted the jury in his general charge to the injuries proximately caused by the negligence of the railway company.

In the fourth assignment of error the plaintiff in error says:

"The verdict of the jury is excessive in that the jury were not warranted in finding that Augusta Wright suffered any injury at the time alleged except a sprain of the ankle, which was a temporary one; and the sum awarded, $1,300, was excessive as compensation for her injury; and the sum of $1,300 was awarded by the jury in all probability not as compensation, but as punishment to the defendant."

If that statement be correct, then there was no evidence tending to show that Augusta Wright suffered from any appreciable injury to her right ovary as alleged, and there was no occasion for the court to be any more specific upon that issue. We are of the opinion that the verdict is not excessive, and that there was no reversible error in refusing to give the special charge quoted.

The judgment is affirmed.